FILED
United States Court of Appeals
Tenth Circuit

May 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

LAURA L. DUNKLE,

      Petitioner - Appellant,

v.

MILLICENT NEWTON-EMBRY,
Warden,

      Respondent - Appellee.

No. 08-6276
(D.C. No. 08-CV-00833-R)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Petitioner Laura Dunkle, state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing her to appeal the district court's order adopting the magistrate judge's report and recommendation that denied relief on her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Ms. Dunkle fails to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny her request and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In 2004, in Oklahoma state court, Ms. Dunkle was convicted of first-degree murder and sentenced to life imprisonment. I R. Proper at 522. On direct appeal

to the Oklahoma Court of Criminal Appeals (OCCA), the court reversed the conviction and remanded the case for a new trial. Dunkle v. State, 139 P.3d 228 (Okla. Crim. App. 2006). The court found reversible error in the admission of improper character evidence and admission of computer-generated reconstructions of the crime scene. Id. at 239-42, 248-51. At the second trial, held in 2006, Ms. Dunkle was again convicted by a jury of first-degree murder and sentenced to life imprisonment. I R. Proper at 447, 467-68. The OCCA affirmed the conviction and sentence. R. Doc. 1 at 15-17.

On August 11, 2008, Ms. Dunkle filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, arguing the same five grounds for relief raised before the OCCA. Ms. Dunkle claimed: (1) the testimony of Sheriff McMullen improperly bolstered the state's case, vouched for the credibility of the other state witnesses, and opined as to her guilt, thus depriving her of a fair trial; (2) several expert witnesses for the state improperly provided personal opinions as to guilt; (3) the admission of a letter handwritten by Ms. Dunkle was irrelevant and prejudicial and warranted a new trial; (4) ineffective assistance of trial counsel; (5) cumulative errors warrant a new trial. R. Doc. 1 at 5. The magistrate judge, to whom the case was referred, provided a detailed report and recommended that the habeas petition be denied. R. Doc. 12. Through a personal letter to the court, Ms. Dunkle noted her disagreement with the medical examiner's testimony, questions asked of her son, and the fact that defense counsel did not offer certain

testimony on her behalf. R. Doc. 13. Additionally, Ms. Dunkle filed a formal objection to the report and recommendation, addressing her ineffective assistance of counsel claim by raising new factual issues not before the magistrate judge. R. Doc. 15. The district court adopted the report and recommendation of the magistrate judge and denied the petition. The district court noted that Ms. Dunkle's objections only addressed issues not before the magistrate judge and were therefore waived. R. Doc. 16.

Ms. Dunkle now seeks to appeal, raising the same issues contained in her objection to the magistrate's report and recommendation, as well as new issues not raised below. Concerning her ineffective assistance of trial counsel claim, she argues that she was not able to present witnesses on her behalf, raises issues regarding her police interrogation and the custody of her children, and reiterates her version of the facts in the underlying case.

Generally, "a federal appellate court does not consider an issue not passed upon below" unless "the proper resolution is beyond any doubt" or "injustice might otherwise result." Johnson v. Champion, 288 F.3d 1215, 1229 (10th Cir. 2002) (quoting Singleton v. Wulff, 428 U.S. 106, 120-21 (1976)). We do not find either exception applicable here. The majority of Ms. Dunkle's objections to the report and recommendation raised new issues, and did not address the findings of the magistrate judge. Her appeal primarily reiterates her initial objections and additionally raises new concerns not before the magistrate judge or the district

court. Therefore, because these issues were not raised, we do not consider them on appeal. <u>Johnson</u>, 288 F.3d at 1229. To the extent that Ms. Dunkle seeks to appeal those issues properly raised, she has not met the standards required in 28 U.S.C. § 2254(d). <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002).

Therefore, we DENY COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge